UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carmen Collado, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC. and PEPSI BOTTLING VENTURES LLC,<br><br>Defendants. | Civil Case No.: 07cv 6874 |

**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff CARMEN COLLADO, by counsel and on behalf of herself and all others similarly situated, individually and as class representative, for her Class Action Complaint against Defendants PEPSICO, INC. and PEPSI BOTTLING VENTURES LLC ("Defendants"), alleges, upon information and belief, except for the allegations concerning Plaintiff's own actions, as follows:

1. Plaintiff Carmen Collado is a resident and citizen of the State of New York. Not knowing of Aquafina's true source, Ms. Collado frequently purchased Aquafina by the case from at least five to six years ago to the present usually at BJs Wholesale Club and/or Costco, both in Westbury, New York and/or Melville, New York, and from Stop n Shop in Oyster Bay, New York. Ms. Collado was shocked when she learned that the source of Aquafina was from public tap water because she had believed, based upon the labeling of the product, that its source must have been better than tap water.

2. Defendant PepsiCo, Inc. is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

3. Defendant Pepsi Bottling Ventures LLC ("Pepsi Bottling") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

4. Defendants PepsiCo, Inc. and Pepsi Bottling acted together and in concert in respects to the actions alleged in this complaint and their actions may be imputed to each other inasmuch.

### Jurisdictional Allegations

5. This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)("CAFA") because the Defendants are citizens of the States of New York, North Carolina and/or Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

7. This Court can issue declaratory and/or equitable relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### Class Action Allegations

8. Plaintiff brings this class action pursuant to F.R.C.P. 23 on behalf of herself and a class consisting of all individuals in the United States who purchased Aquafina (the "Class") from July 30, 2001 through the present (the "Class Period").

Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.

9. The Class consists of millions of persons in New York and throughout the United States.

10. Upon information and belief, millions and millions of bottles of Aquafina were sold during the Class Period, and thus, numerosity is satisfied.

11. Plaintiff's claims involve common issues of law and fact because Plaintiff and other members of the Class were similarly affected by Defendants' wrongful conduct.

12. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no relationship with Defendants except as a customer of Defendants' product Aquafina water. Plaintiff will vigorously pursue this action on behalf of the Class, and Plaintiff has no and does not know of any conflicts of interest with any other Class members in this class action.

13. Plaintiff has retained counsel competent and experienced in class and consumer litigation.

14. Common issues of law and fact predominate over any issues affecting only individual members of the Class. Among the issues of law and fact common to the Class are:

    a. whether the Aquafina water was bottled from tap water;

    b. whether Defendants failed to disclose to consumers that Aquafina water was bottled from tap water;

    c. whether Defendants' failure to disclose that Aquafina water was bottled from tap water was negligent, reckless or intentional behavior;

    d. whether Defendants' failure to disclose that Aquafina water was

    bottled from tap water violated New York Gen. Bus. Law § 349, *et seq.*, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in other States;

  e. whether Defendants' failure to disclose that Aquafina water was bottled from tap water breached the implied warranty of merchantability; and

  f. whether Defendants' failure to disclose that Aquafina water was bottled from tap water unjustly enriched Defendant

15. This class action is an appropriate and superior method for the fair and efficient adjudication of the issues in this case because of the following:

  a. Common issues of law and/or fact predominate over any individual issues, and thus, there are large economies to both the courts and the Class in litigating the common issues on a class-wide basis instead of on a individual basis one-by-one;

  b. The individual claims of Class members are too small, thereby making individual litigation an economically impracticable alternative;

  c. It will be cost efficient and economies of scale will be achieved if the common issues in this class action are litigation together, rather than separately;

  d. There are no significant difficulties likely to be encountered in the management of this class action; and

  e. Class adjudication is a fair and efficient method because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that may be dispositive of the interests of other entities not parties to the action or substantially impair or impede their ability to protect their interests.

### **Factual Allegations**

16. Aquafina water is the best selling bottled water in the United States with revenues in 2006 of over two billion dollars.

17. During the Class Period, Aquafina water was obtained from public tap water supplies.

18. During the Class Period, Defendants' labels were misleading and deceptive because they stated: "Bottled at the source P.W.S.", without indicating what "P.W.S." meant, because the logo contained a snow covered mountain thereby implying that the water was "mountain water", not regular tap water, because the slogan "Pure Water Perfect Taste" implied that the water was from a source that was more "pure" than other bottled water and/or tap water.

19. Defendants negligently misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

20. Defendants recklessly misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

21. Defendants intentionally misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

22. Defendants knew or should have known that the fact that Aquafina water was sourced from tap water was materially relevant to the reasonable consumer when making a purchase of bottled water.

23. Defendants knew that the disclosure of the fact that Aquafina water was sourced from tap water would hurt sales of Aquafina water, and accordingly, Defendants continued to refuse to disclose such information to the public, and especially on the labels of Aquafina water.

24. On or about July 27, 2007, Defendants issued a statement that they would change the label on Aquafina water so as to disclose that Aquafina water was sourced from a public water system supplying tap water.

## FIRST CAUSE OF ACTION

### FOR VIOLATION OF CONSUMER FRAUD/UNFAIR AND DECEPTIVE TRADE PRACTICES STATUTES

(By Plaintiff on her own behalf and on behalf of the Class)

25. Plaintiff hereby incorporates by reference paragraphs one through twenty-four as if fully set forth herein.

26. Pursuant to New York Gen. Bus. L. § 349, *et seq.*, and other similar state consumer fraud and/or unfair and deceptive trade practices acts, Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of Aquafina water.

27. If Defendants had disclosed the true source of Aquafina water and not engaged in the wrongful and deceptive actions described above, Plaintiff and members of the Class would not have purchased from or paid Defendants for Aquafina water, but instead Plaintiff and members of the Class proximately suffered injuries in fact, economic and/or ascertainable losses.

28. Defendants' deceptive, unconscionable or fraudulent conduct failing to disclose and thereby omitting material information from consumers, as described above, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

29. Defendants' actions, as described above, constitute unfair competition and/or unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of state consumer protection statutes, including but not limited to, N.Y. Gen. Bus. Law §§ 349 *et seq.*

30. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of statutory duties and protections and that provides compensatory damages, treble damages, punitive damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By Plaintiff on her own behalf and on behalf of the Class)

31. Plaintiff hereby incorporates by reference paragraphs one through thirty as if fully set forth herein.

32. Defendants impliedly warranted that Aquafina water was merchantable.

33. Aquafina water was not merchantable within the meaning of the law because it could not pass without objection in the trade under its description, it was not adequately contained, packaged and labeled as part of the transaction and/or it did not conform to the promises and affirmations of fact made on the package and label for the game.

34. Accordingly, Defendants breached the implied warranties of merchantability when Aquafina water was marketed, labeled, and sold to Plaintiff and members of the Class.

35. As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and members of the Class have sustained economic losses and other damages for which she is entitled to damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FOR UNJUST ENRICHMENT

(By Plaintiff on her own behalf and on behalf of the Class)

36. Plaintiff hereby incorporates by reference paragraphs one through thirty-six as if fully set forth herein.

37. Defendants obtained monies from the marketing, labeling and/or sale of Aquafina water. When considered under the totality of the circumstances, as described above, Defendants have been unjustly enriched to the detriment of Plaintiff and the members of the Class by the retention of consumer's purchase monies received directly or indirectly by Defendants.

38. This enrichment was conferred on Defendants by consumers as a direct result of the failures, omissions and deceptive and fraudulent conduct of Defendants.

39. Defendants' retention of monies they have gained through their failures, omissions and deceptive and fraudulent conduct would be unjust considering the totality of the circumstances concerning Defendant's receipt and retention of those monies.

40. Defendants should be order to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the members of the Class in amounts to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1. For an Order, pursuant to the relevant provisions of F.R.C.P. 23, certifying the Class, and appointing Plaintiff and her undersigned counsel to represent the Class and any appropriate subclasses;

2. For the declaratory relief requested;

3. For compensatory, equitable and/or restitutionary damages according to the proof and for all applicable statutory damages under New York Gen. Bus. Law § 349 *et seq.* and under such similar statutes in effect in other states;

4. For an award of attorneys' fees and costs;

5. For prejudgment interest and the costs of suit;

6. For such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:     July 30, 2007

*/s/ HJS*
Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET,
RHEINGOLD, SHKOLNIK &
McCARTNEY LLP
113 East 37th Street
New York, NY 10016
Tel. 212-684-1880
Fax 212-689-8156
hshkolnik@rheingoldlaw.com
http://www.rheingoldlaw.com

Richard J. Arsenault (*pro hac vice* to be filed)
NEBLETT, BEARD &
ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Tel. 318-487-9874
Fax: 318-561-2591
http://www.nbalawfirm.com

Attorneys for Plaintiffs