**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

---

**IN RE PEPSICO, INC. AND THE COCA COLA COMPANY, INC. CONSUMER CLASS ACTION LITIGATION**

MDL Docket No. _______

---

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO CONSOLIDATE AND TRANSFER**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

BACKGROUND ........ 2

ARGUMENT ........ 7

A. The Actions Should be Consolidated for Pre-Trial Proceedings Under 28 U.S.C. § 1407 ........ 6

B. The Actions Should Be Consolidated In The Southern District of New York As The Most Appropriate Forum ........ 11

CONCLUSION ........ 14

SCHEDULE A ........ 15

## TABLE OF AUTHORITIES

**PAGE(s)**

### CASES


*Duessent v. Am. Online, Inc. (In re Am. Online Spin-Off Accounts Litig.),*
310 F. Supp. 2d 1369 (J.P.M.L. 2004)....7

*In re Bayou Hedge Funds Inv. Litig.*,
429 F. Supp. 2d 1374 (J.P.M.L. 2006)....11

*In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*,
416 F. Supp. 2d 1369 (J.P.M.L. 2006)....11

*In re Cuisinart Food Processor Antitrust Litig.*,
506 F. Supp. 651 (J.P.M.L. 1981)....9

*In re Digital Music Antitrust Litig.*,
444 F. Supp. 2d 1351 (J.P.M.L. 2006)....12

*In re Enron Corp. Secs., Derivative & ERISA Litig*,
196 F. Supp. 2d 1375 (J.P.M.L. 2002)....13

*In re Fed. Home Loan Mortg. Corp. Secs. & Derivative Litig.*,
303 F. Supp. 2d 1379 (J.P.M.L. 2004)....13

*In re GM OnStar Contract Litig.*,
--- F. Supp. 2d ----, 2007 WL 2386412 (J.P.M.L. Aug. 17, 2007)....7

*In re Katz Interactive Call Processing Patent Litig.*,
481 F. Supp. 2d 1353 (J.P.M.L. 2007)....7

*In re Literary Works in Elec. Databases Copyright Litig.*,
2000 WL 33225502 (J.P.M.L. Dec. 6, 2000)....9

*In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*,
398 F. Supp. 2d 1363 (J.P.M.L. 2005)....7, 10

*In re Oxycontin Antitrust Litig.*,
314 F. Supp. 2d 1388 (J.P.M.L. 2004)....12

*In re Rhodia S.A. Secs. Litig.*,
398 F. Supp. 2d 1359 (J.P.M.L. 2005)....12

*In re Roadway Express, Inc. Employment Practices Litig.*,
384 F. Supp. 612 (J.P.M.L. 1974)....10

*In re Std. Auto. Corp. Retiree Benefits "ERISA" Litig.*,
431 F. Supp. 2d 1357 (J.P.M.L. 2006)....7

*In re Tri-State Water Rights Litig.*,
481 F. Supp. 2d 1351 (J.P.M.L. 2007)....8

*In re Union Carbide Corp. Gas Plant Disaster*,
601 F. Supp. 1035 (J.P.M.L. 1985)....11

*In re Union Pac. R.R. Co. Empl. Practices Litig.*,
314 F. Supp. 2d 1383 (J.P.M.L. 2004)....8

*In re Uranium Indus. Antitrust Litig.*,
458 F. Supp. 1223 (J.P.M.L. 1978)....9

*In re Vonage Mktg. & Sales Practices Litig.*,
--- F. Supp. 2d ----, 2007 WL 2386424 (J.P.M.L. Aug. 15, 2007)....8

*In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig.*,
474 F. Supp. 2d 1353 (J.P.M.L. 2007)....8

*In re Worldcom, Inc., Sec. & ERISA Litig.*,
226 F. Supp. 2d 1362 (J.P.M.L. 2002)....10, 13

**STATUTES & RULES**

28 U.S.C. § 1407....1, 7, 8

Panel Rule 7.2(a)(ii)....3

1. Pursuant to 28 U.S.C. § 1407, PepsiCo, Inc. ("**PepsiCo**") and The Pepsi Bottling Group, Inc. ("**PBG**") (collectively, the "**Movants**"), respectfully move this Panel for an Order consolidating for pretrial purposes in the Southern District of New York before Hon. Charles L. Brieant multiple consumer class action lawsuits that have been filed against PepsiCo, PBG, Pepsi Bottling Ventures LLC ("**PBV**") and The Coca-Cola Company, Inc. ("**Coca-Cola**") (collectively, the "**Defendants**").

2. This motion seeks the pretrial consolidation of four consumer class action lawsuits and at least one potential tag-along action that need to be managed in a coordinated, consistent, and coherent fashion in a single jurisdiction. As explained more fully below and in the accompanying declaration of Louis M. Solomon ("**Solomon Decl.**"), each of the lawsuits seeks redress for a purported nationwide scheme of consumer misrepresentation practices concerning the marketing, labeling, and sale of PepsiCo's bottled water. The lawsuits involve the same core set of operative facts and assert substantively similar claims for relief.

3. Currently, two cases are pending in White Plains, New York (one against PepsiCo and PBV, the other against PepsiCo, PBG and PBV); a third case is pending in Memphis, Tennessee against PepsiCo and Coca-Cola; and a fourth case is pending in Houston, Texas, also against PepsiCo and Coca-Cola. In addition, Movants have been notified of a fifth tag-along action that will likely be filed in California within the next month. In the interest of mitigating the looming inefficiencies posed by the litigation of these similar cases in different jurisdictions, Movants respectfully submit that these cases should be consolidated in a single jurisdiction for pretrial proceedings. Movants also respectfully submit that these cases should be consolidated in the Southern District of New York before Judge Brieant.

4. Consolidation in the Southern District of New York, and before Judge Brieant, is appropriate for a number of reasons, including:

- The first class action lawsuit was filed in New York, and the two New York class actions are now both venued in the White Plains Division and are pending before Judge Brieant. Accordingly, consolidation and coordination already have occurred in the Southern District of New York
- All four cases are brought as class actions; the two New York cases and the Texas case are putative nationwide class actions and the Tennessee action is a putative statewide class. The need to facilitate administration of the cases and to prevent potentially conflicting and/or overlapping class determinations is vital. The Southern District of New York, where two of the nationwide class actions already are located, provides the most appropriate forum to accomplish this goal.
- The lead plaintiffs in the two New York actions are located in New York.
- The Defendant sued in all the cases (PepsiCo) and two of the four Defendants sued in any case (PepsiCo and PBG) are located in New York.
- Many of the witnesses and the relevant documents in these cases will be located in New York.
- The Southern District of New York is easily accessible (it has three major airports and train stations) and is convenient to many parties and counsel. It is also well equipped with the resources necessary for this type of consumer fraud litigation.
- Given that the actions involve allegations of nationwide consumer fraud (as discussed below), it is far preferable for national class members and plaintiffs such as the lead plaintiffs and others involved in the New York actions to litigate in New York, rather than any other jurisdiction.

5. Thus, the interests of efficiency will be best served by consolidating ***all*** of the parallel actions in the Southern District of New York (before Judge Brieant) where they can be litigated without the unnecessary waste of resources that will certainly arise if these cases remain fragmented or are litigated in a less convenient forum than the Southern District of New York.

## BACKGROUND

6. Movants are aware of four putative class action lawsuits pending in several different federal district courts lodging substantially identical allegations of consumer fraud against PepsiCo and one or more of the other Defendants. All of the lawsuits have been filed

against PepsiCo concerning the allegedly misleading nature of its labeling and/or advertising for its bottled water *Aquafina*. Several of the class actions seek to certify a nationwide class of individuals that purchased *Aquafina*. Another nationwide class action is pending against PepsiCo and Coca-Cola regarding their respective bottled water products, *Aquafina* and *Dasani*. The fourth putative class action is a statewide class action in Tennessee against PepsiCo and Coca-Cola, also relating to *Aquafina* and *Dasani*. The cases are:[1]

- New York *Fielman* Class Action. This putative nationwide consumer class action was filed on July 30, 2007, against PepsiCo, PBG and PBV in the **Southern District of New York (White Plains Division),** and is captioned *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (CLB) (S.D.N.Y.) (the "***Fielman* Class Action**" or "***Fielman* Class Complaint**"). Solomon Decl., Ex. A.

- New York *Collado* Class Action. Filed on July 31, 2007, in the **Southern District of New York**, this putative nationwide consumer class action was brought against PepsiCo and PBV, and is captioned *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (GBD) (S.D.N.Y.) (the "***Collado* Class Action**" or "***Collado* Class Complaint**"). Solomon Decl., Ex. B. The parties requested that this Action be reassigned to Judge Brieant in White Plains. Solomon Decl. Ex. C. The Notice of Reassignment of the *Collado* Class Action, effecting that transfer, is dated September 19, 2007. Solomon Decl., Ex. D.

- Tennessee Class Action. On July 30, 2007, a putative statewide class action was filed in Tennessee state court. That action was removed timely to federal court, and on August 10, 2007, the First Amended Complaint in the putative statewide class action was filed in the **Western District of Tennessee** against PepsiCo and Coca-Cola. That action is captioned *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.*, 2:07-cv-02514

---

[1] Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed in Schedule A attached hereto. Collectively, these class actions are referred to herein as the "**Actions**".

(BBD) (W.D. Tenn.) (the "**Tennessee Class Action**" or "**Tennessee Class Complaint**"). Solomon Decl., Ex. E.

- Texas Class Action. The third putative nationwide consumer class action was filed on August 2, 2007, in the District Court, 157 Judicial District of Harris County, Texas and was removed timely to the **Southern District of Texas**. That case is captioned *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo., Inc. and The Coca Cola Company Inc.*, No. 07-cv-3060 (DH) (S.D. Tex.) (the "**Texas Class Action**" or "**Texas Class Complaint**"). Solomon Decl., Ex. F (Complaint); Solomon Decl., Ex. G (Notice of Filing of Notice of Removal).

7. Movants believe there is a strong likelihood that additional cases will be filed in the coming months. Movants already have received notification of one such action. On August 29, 2007, Movants received notice under the California Legal Remedies Act from counsel for Amanda Litschke and all consumers similarly situated threatening a putative class action in California. *See* Solomon Decl. ¶3, Ex. H.

8. There is substantial overlap among the Actions, including overlap of defendants, factual allegations, claims and legal theories.

9. First, each of the Actions names PepsiCo as a defendant, and the two New York class actions also name PBV as a defendant. *See* Schedule A.

10. Second, each of the Actions depends on the same core set of operative factual allegations concerning the marketing, labeling, and sale of *Aquafina* (PepsiCo) bottled water in the United States. The Actions and the threatened tag-along action all allege that PepsiCo intentionally failed to inform consumers that the source of the water used to bottle *Aquafina* was community water or public tap water, not water from another source. *See* Solomon Decl., Ex. A, ¶ 18 (The Pepsi Defendants' "labels were misleading and deceptive because they stated: 'Bottled at the source P.W.S.,'' without indicating what 'P.W.S.' meant, because the logo contained a snow covered mountain thereby implying that the water was 'mountain water,' not regular tap

water, because the slogan 'Pure water Perfect Taste' implied that the water was from a source that was more 'pure' than other bottled water and/or tap water."); Solomon Decl., Ex. B, ¶ 1 (Plaintiff "was shocked when she learned that the source of Aquafina was from public tap water because she had believed, based upon the labeling of the product, that its source must have been better than tap water."); Solomon Decl., Ex. E, ¶ 1 ("Defendants knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources."); Solomon Decl., Ex. F, ¶ 23 ("Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same as public water, resulting in misleading Plaintiffs that said water comes from spring sources."); Solomon Decl., Ex. H, p.2 ¶ 1 ("[Pepsi] Defendants, through the label representation of mountains, as well as the failure to disclose that it is tap water, lead consumers to falsely believe that Aquafina water comes from a natural, original source, as opposed to a public water system."). All of the Actions identify the *Aquafina* label as misleading consumers by its wording and/or graphics. Solomon Decl., Ex. A, ¶¶ 1, 13, 29-32; Solomon Decl., Ex. B, ¶¶ 18-24; Solomon Decl., Ex. E, ¶ 1; Solomon Decl., Ex. F, ¶ 23. Several of the Actions also identify the PepsiCo website as providing misleading information. Solomon Decl., Ex. A, ¶ 33 ("Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water."); Solomon Decl., Ex. E, ¶ 23 ("Plaintiffs further allege that Defendants [sic] online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water . . . ."); Solomon Decl. Ex. F, ¶ 1

("Plaintiffs further allege that Defendants [sic] online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water . . . .").

11. Likewise, the Tennessee and Texas Class Actions allege that Coca-Cola similarly misled consumers as to the source of the water used in its *Dasani* bottled water. *See* Solomon Decl., Ex. E, ¶ 1 ("Coca Cola's label of 'purified' water, and its online site information that its water is from 'local sources' is a knowing act designed to mislead and/or create a likelihood of confusion . . . ."); Solomon Decl., Ex. F, ¶ 23 ("Plaintiffs allege that Coca Cola's label of 'purified' water, and its online site information that its water is from 'local sources' is a knowing act designed to mislead and/or create a likelihood of confusion . . .").

12. Third, each of the Actions asserts essentially the same claims for legal relief. The two New York class action complaints plead almost identical claims of unfair and deceptive trade practices under New York state law and under the law of every other state, breach of implied warranty of merchantability, and unjust enrichment, *see* Solomon Decl., Ex. A, ¶¶ 39-77; Solomon Decl., Ex. B, ¶¶ 25-40, while the Tennessee and Texas complaints both plead claims of unfair and deceptive acts and practices, common law fraud, and fraudulent and/or negligent misrepresentation. *See* Solomon Decl. Ex. E, ¶¶ 36-60; Solomon Decl. Ex. F, ¶¶ 24-30.

13. Thus, the Actions raise common questions of fact and law that should be managed in a coherent fashion in a single jurisdiction. As set forth below, Movants respectfully submit that the convenience of parties and witnesses and the just and efficient conduct of the Actions require that these related Actions be consolidated in the Southern District of New York before Judge Brieant, where the two New York class actions already are pending.

# ARGUMENT

## A. The Actions Should be Consolidated for Pre-Trial Proceedings Under 28 U.S.C. § 1407

14. Parties may request that this Panel designate a centralized forum for pretrial management of actions "involving one or more common questions of fact" whenever such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The multiple consumer class action lawsuits now pending present a straightforward case for transfer under this framework.

15. As discussed herein, the Actions share a wealth of common questions of underlying fact and seek similar (and in some cases, identical) forms of relief. *See supra.* On this basis alone, the Panel has recognized that creation of a centralized MDL forum is appropriate. *See, e.g.*, *In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) (granting Section 1407 transfer where "[a]ll actions can . . . be expected to share factual and legal questions . . . "); *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core.").

16. The fact that there are four actions already pending means that there is a substantial basis for consolidation under § 1407 as the Panel has recognized the benefits of MDL treatment, and consolidated cases, where as few as two actions are pending. *See, e.g., In re Std. Auto. Corp. Retiree Benefits ERISA Litig.*, 431 F. Supp. 2d 1357 (J.P.M.L. 2006) (two actions pending; consolidation granted); *Duessent v. Am. Online, Inc. (In re Am. Online Spin-Off Accounts Litig.),* 310 F. Supp. 2d 1369 (J.P.M.L. 2004) (two actions pending; consolidation granted); *see also In re GM OnStar Contract Litig.*, --- F. Supp. 2d ----, 2007 WL 2386412

(J.P.M.L. Aug. 17, 2007) (four actions pending; consolidation granted); *In re Vonage Mktg. & Sales Practices Litig.*, --- F. Supp. 2d ----, 2007 WL 2386424 (J.P.M.L. Aug. 15, 2007) (four actions pending; consolidation granted); *In re Tri-State Water Rights Litig.*, 481 F. Supp. 2d 1351 (J.P.M.L. 2007) (four actions pending in three districts; consolidation granted); *In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig.*, 474 F. Supp. 2d 1353 (J.P.M.L. 2007) (four actions pending in two districts; consolidation granted).

17. Moreover, the Panel recognizes that in cases like this, where this is a strong likelihood of additional actions being filed, there is an even greater need for consolidation. *In re Union Pac. R.R. Co. Empl. Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) ("In light of the fact that . . . additional tag-along actions may be filed, Section 1407 is the more efficient method of congregating these related actions for pretrial proceedings at the present time.").

18. The main purposes of consolidating proceedings under § 1407 are "for the convenience of parties and witnesses . . ." and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Where the actions to be consolidated share the same basic factual allegations and similar legal allegations (as is the case here), there is a tremendous efficiency gained from the coordination of discovery and motions. Put another way, it would be highly inefficient and expensive if the parties were required to litigate the pre-trial phases of these Actions separately. Parties and non-parties alike will benefit from consolidation and coordination of pretrial proceedings in a single jurisdiction. Through consolidation, the costs attendant to depositions, the production and transfer of voluminous documents, and discovery motion practice will be reduced, as will the inconvenience to fact, expert, and third-party witnesses. Solomon Decl. ¶ 11. Consolidation will permit the parties, through cooperation and

pooling of resources, to benefit from the "economies of scale" that MDL pretrial proceedings uniquely facilitate. *See, e.g. In re Literary Works in Elec. Databases Copyright Litig.*, 2000 WL 33225502 (J.P.M.L. Dec. 6, 2000) (centralization would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious.").

19. In addition, pretrial consolidation of the Actions will mitigate the significant risk of inconsistent pretrial rulings on the same basic factual and legal claims. Without consolidation, there is a substantial likelihood that the same legal argument on motions to dismiss, motions for summary judgment, and/or discovery motions will lead to different results against the same defendant in different courts. This is an important concern for any series of similar cases but is particularly critical when the cases are seeking certification of the same or overlapping putative classes. Three of the four Actions – the two New York class actions and the Texas class action – are seeking certification of nearly identical nationwide classes. *See* Solomon Decl., Ex. A, ¶¶ 17-24 (the purported "Class" is comprised of "all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present" (¶ 17)); Solomon Decl., Ex. B , ¶¶ 8-15 (the purported "Class" is comprised of "all individuals in the United States who purchased Aquafina (the 'Class') from July 20, 2001 through the present " (¶ 8)); Solomon Decl., Ex. F, ¶ 23 ("This complaint is brought on behalf of all persons who have or [sic] purchased and

consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]."). The Tennessee class action seeks certification of a class that is a subset of the larger national classes, namely, "all residents of Tennessee who have purchased and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and practices by Pepsi and Coca Cola." Solomon Decl., Ex. E, ¶ 24. As this Panel has "consistently held," "the existence of and the need to eliminate" even the "possibility" of "inconsistent class determinations" "presents a highly persuasive" — indeed, "crucial[]"— "reason favoring transfer under Section 1407." *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974); *see also In re M3Power Razor Sys.*, 398 F. Supp. 2d at 1365-66 (three putative class actions pending in two different districts sharing factual questions centralized under § 1407 due, in part, to the need to prevent inconsistent pretrial rulings particularly with respect to questions of class certification); *In re Worldcom, Inc., Sec. & ERISA Litig.*, 226 F. Supp. 2d 1362, 1354 (J.P.M.L. 2002) ("[c]entralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings (especially with respect to questions of class certification)").

20. The Actions are all directed against one defendant, PepsiCo. The fact that some of the Actions name other defendants, including two actions against Coca-Cola, does not in any way minimize the logistical and legal benefits to consolidation. To the extent that the additional defendants are bottlers of *Aquafina* water, the claims against them still revolve around the labeling and/or advertising for *Aquafina* water. To the extent that there are similar legal issues in the cases against PepsiCo and Coca-Cola, there would be an additional benefit in having consolidated consideration of these issues. The Panel has in the past rejected any claim that consolidation should be denied because one of the defendants was only named in some of the

actions. *See, e.g., In re Bayou Hedge Funds Inv. Litig.*, 429 F. Supp. 2d 1374 (J.P.M.L. 2006) (transfer granted despite the fact that certain defendants named in only two of four actions). This is certainly the case here where the presence of the additional defendants actually provides additional cause for consolidation.

21. If not consolidated, these consumer class action cases, involving numerous already existing similar actions and the clear threat of even more such actions, will lead to duplicative discovery, potentially conflicting pretrial substantive and procedural rulings, and overlapping and/or conflicting putative classes. These Actions therefore present a textbook case for consolidation in a single district under § 1407.

**B. The Actions Should Be Consolidated In The Southern District of New York As The Most Appropriate Forum**

22. The Southern District of New York is the most appropriate forum for consolidation of the related actions for several reasons. For one thing, the Southern District is the most appropriate forum because two of the three putative nationwide class actions already are pending in that court. *See, e.g.*, *In re Union Carbide Corp. Gas Plant Disaster*, 601 F. Supp. 1035, 1036 (J.P.M.L. 1985) (selecting the forum where there were "more pending actions than any other district"). Indeed, the *Fielman* Class Action in the Southern District of New York, which is assigned to Judge Brieant, is the first-filed putative nationwide class action, and is one of only two actions already being actively litigated, with briefing on the defendants' motion to dismiss due to be completed on November 9, 2007. Solomon Decl., Ex. A, Docket Entries # 14-15. This, too, strengthens the argument for consolidation in the Southern District of New York. *See In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1371 (J.P.M.L. 2006) (selecting the Southern District of New York as transferee forum because the action pending there was "more procedurally advanced" compared to the actions in another

district). Furthermore, the parties to the *Collado* Class Action, also pending in the Southern District of New York, agreed to transfer that case to Judge Brieant, and to treat it as a related case to the *Fielman* Class Action. Solomon Decl., ¶13 & Exs. C, D. By Notice of Reassignment, dated September 19, 2007, the *Collado* Class Action has been transferred to Judge Brieant. Solomon Decl. ¶ 13 & Ex. D. Accordingly, coordination and consolidation is already occurring in the Southern District of New York.

23. Second, the Southern District of New York is the appropriate forum because the lead plaintiffs in the two New York class actions are located in New York, as is PepsiCo, the only defendant named in all the Actions. *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004) (finding the Southern District of New York appropriate because *inter alia* the one common defendant was located there). Additionally, PBG, one of the other Defendants, is also located in New York. This fact also supports centralizing these actions in New York. *See, e.g.*, *In re Digital Music Antitrust Litig.*, 444 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006) (finding that the Southern District of New York was the "appropriate transferee forum" because "[m]ost defendants are headquartered in the Southern District . . ., and some relevant witnesses . . . may be located there").

24. Third, the courts of the Southern District of New York are located in an easily accessible metropolitan location. White Plains, where Judge Brieant sits, is easily accessible by airplane from anywhere in the country, with three major airports serving the area. In addition, numerous hotels service the White Plains/New York City area with a variety of price ranges, and the Southern District of New York has a well-developed legal support system in place. *See, eg.*, *In re Rhodia S.A. Secs. Litig.*, 398 F. Supp. 2d 1359, 1360 (J.P.M.L. 2005) (transferring cases to the Southern District of New York in part because it "provides an accessible, metropolitan

location"); *In re Fed. Home Loan Mortg. Corp. Secs. & Derivative Litig.*, 303 F. Supp. 2d 1379, 1380 (J.P.M.L. 2004) (selecting the Southern District of New York because it is "readily accessible for parties and witnesses"); *In re WorldCom, Inc.*, 226 F. Supp. 2d at 1355 (opting to consolidate all actions in the Southern District of New York because *inter alia* "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services"); *In re Enron Corp. Secs., Derivative & ERISA Litig*, 196 F. Supp. 2d 1375, 1376-77 (J.P.M.L. 2002) (same).

25. Accordingly, transferring the class actions currently pending in Tennessee and Texas, as well as the potential tag-along California action, to the Southern District of New York, where the *Fielman* and *Collado* Class Actions already are being litigated in a coordinated fashion, will serve to streamline and expedite the litigation of these matters, and conserve the resources of both the courts and the parties.

26. By contrast, the districts where the Texas and Tennessee class actions are pending (Southern District of Texas and Western District of Tennessee, respectively) both present a far less attractive forum for the coordinated and efficient conduct of pre-trial activities in the Actions. Potential witnesses from PepsiCo and/or PBG do not reside in these states. And neither Tennessee and Texas offers the convenience and ease of travel available in New York for the benefit of the attorneys, parties, and witnesses.

27. In addition, the Tennessee Class Action, which was brought on behalf of a class limited to residents of the state of Tennessee, is not being actively litigated. *See* Solomon Decl. ¶ 16 and Ex. I. The narrowness of the plaintiff class in the Tennessee District Court, and the fact

that the case has essentially been stayed pending the outcome of motions to dismiss, militates against consolidating the nationwide class actions in that district.

28. In short, the Actions should be consolidated in the Southern District of New York before Judge Brieant.

**CONCLUSION**

For the foregoing reasons, transfer of the Actions to a single, centralized federal forum – the Southern District of New York – would further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Therefore, Movants respectfully request that this Panel enter an Order transferring these actions to the Southern District of New York and Judge Brieant for consolidated pretrial proceedings.

Dated: September 27, 2007

Respectfully submitted,

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for PepsiCo, Inc., and The Pepsi Bottling Group., Inc.*

**SCHEDULE A**

Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed below.

1. *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (Southern District of New York, White Plains Division) (Judge Charles L. Brieant)

2. *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (Southern District of New York, White Plains Division) (originally assigned to Judge George B. Daniels, and then reassigned to Judge Charles L. Brieant by Notice of Reassignment dated September 19, 2007).

3. *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.*, 2:07-cv-02514 (Western District of Tennessee, Western Division) (Judge Bernice B. Donald)

4. *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo, Inc. and The Coca-Cola Company Inc.*, 07-cv-3060 (Southern District of Texas, Houston Division) (Judge David Hittner)