# EXHIBIT
# F

2007-46796

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER<br>Plaintiffs, | § | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 157 JUDICIAL DISTRICT |
| PEPSI CO., INC AND THE COCA COLA COMPANY INC.<br>Defendants. | §<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **NOW COMES** Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2.    Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Parkway E. Ste. 425 Houston, Tx 77060.

3.    Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

4.    Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

5.    Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

6.    Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

7.    Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

8.    Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

9.    Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

10.    Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

11.    Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

12.    Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

13.    Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

14.    Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Missouri City, Tx 77489

15.    Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina, and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York, 10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article 2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

16.    Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts business in the State of Texas and the County of Harris.  Service may be effected upon Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

17.    The subject matter in controversy is within the jurisdictional limits of this court.

18.    This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

19.    Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.    This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.    Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.    Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## OVERVIEW OF THE CASE

23.    This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola") (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola. Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost. Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

24.    Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

25.    Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## COMMON LAW FRAUD

26.    Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.    Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.    As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

## NEGLIGENT MISREPRESENTATION

29.    Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

31.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

      (a)    Out-of-pocket expenses, including but not limited to the purchase price of the water

      (b)    Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.    Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## CLASS ACTION

35.    Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class:  all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola.  (herein, the "Class Plaintiffs").

36.    In this regard, Plaintiff would show the following:  (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d) Plaintiff will fairly and adequately protect the interests of the class.

37.    Plaintiff would further show that this lawsuit is maintainable as a class action with respect to the Class Plaintiffs in that:

(a)    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

(b)    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(c)    The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole.

## ATTORNEY'S FEES

38.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By:_____
JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX  77002
Tel. (713) 752-2300
Fax. (713)752 2812
Attorney for Plaintiffs


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# EXHIBIT
# G

NO. 2007-46796

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA | § | IN THE DISTRICT COURT |
| KELLY, WANDA R. BANKS, | § | |
| RICHARD BANKS, KATHY JONES | § | |
| BANKS, EMMA WILLIAMS, | § | |
| SAMANTHA TOWNSEND, | § | |
| LAWANDA HOLTS, MARY BREWSTER, | § | |
| ROSALIND BASILE, JOHNNIE MAY BYRD, | § | |
| CAROLYN HAYES, LINDA WALKER, | § | |
| DASHA ALEXANDER | § | 157TH JUDICIAL DISTRICT |
|     Plaintiffs, | § | |
| Vs. | § | |
| | § | |
| PEPSI CO., INC. AND THE COLA COLA | § | |
| COMPANY INC. | § | |
|     Defendants. | § | OF HARRIS COUNTY, TEXAS |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Plaintiffs, by and through their attorney of record, Jonathan H. Cox, The Cox Law
Firm, P.C., 402 Main Street, 3 South, Houston, Texas 77002.


Honorable Judge Randy Wilson.

Mr. Charles Bacarisse
District Clerk
Harris County Courthouse
201 Caroline Street
Houston, Texas 77002]


Defendant Pepsi Co., Inc. hereby gives notice to the parties referenced above, pursuant to

28 U.S.C. § 1446(d), of the filing of a notice of removal in both federal and state court, removing

this cause of action from the 157th District Court of Harris County, Texas to the United States

District Court for the Southern District of Texas, Houston Division. A copy of the Notice of

Removal is attached hereto as Exhibit A.

798517v1/010424

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: _____

Johnny W. Carter
State Bar No. 00796312
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Attorneys for Pepsi Co., Inc.

## CERTIFICATE OF SERVICE

This is the certify that on this the 20th day of September, 2007, a true and correct copy of

the above and foregoing instrument was properly forwarded to the following counsel of record in

accordance with Rule 21 of the Texas Rules of Civil Procedure as indicated below:

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main Street, 3 South
Houston, Texas 77002

*Attorney for Plaintiff*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

*Attorneys for Defendant Coca Cola Company*

Johnny W. Carter

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. _____ |
| v. ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. ) ) ) | |
| Defendants. ) ) | |

---

### NOTICE OF REMOVAL

---

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main Street, 3 South
Houston, TX 77002
Attorney for Plaintiffs

Pursuant to 28 U.S.C.§§ 1332, 1441, 1446, and 1453, defendant, PepsiCo, Inc.

("PepsiCo") files this Notice of Removal of the civil action filed by Plaintiffs to the United

States District Court for the Southern District of Texas, Houston Division. Defendant PepsiCo

expressly reserves all of its rights to the Plaintiffs' claims, including but not limited to its right to

798559v1/010424

EXHIBIT " ___A___ "

object to venue in this District and its rights to move, abate, or dismiss this lawsuit on any and all grounds whatsoever. In support of its Notice of Removal, Defendant PepsiCo states as follows:

## NATURE OF THE STATE COURT ACTION

1.     Defendant PepsiCo has been sued in a proposed class action captioned, *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. Pepsi Co., Inc and The Coca Cola Company Inc.*, as Cause No. 2007-46796, in the District Court of the 157th Judicial District of Harris County, Texas (the "State Court Action").

2.     The Complaint, filed August 2, 2007, seeks certification of a class of persons to redress allegations of common law fraud and negligent misrepresentation. All pleadings and answers to such pleadings for Cause No. 2007-46796 are attached hereto, and incorporated herein by reference. *See* Local Rule 81(2).

3.     The Plaintiffs demand a trial by jury in the State Court Action.

4.     Pursuant to 28 U.S.C.§ 1446(b) this Notice of Removal is timely filed.

## REMOVAL UNDER 28 U.S.C. §§ 1332, 1453

5.     This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1453(b), as one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because (i) it is a civil action, (ii) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) is a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

2

6. The Plaintiffs filed this class action Complaint under Rule 42 of the Texas Rules of Civil Procedure, which authorizes an action to be brought by one or more representative persons as a class action suit. *See* Complaint, Exhibit 2, at ¶¶ 35-37.

7. The Complaint alleges that the proposed class consists of individuals "so numerous that joinder of all members is impracticable." *Id.* at ¶ 36.

8. The Complaint alleges that the members of the Class include "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

9. Although Plaintiffs do not plead specific damages on behalf of themselves or the class members, the amount in controversy, based upon the number of proposed class representatives, the claim concerning the size of the class, and the award sought of compensatory and punitive damages, including multiple damages under 17.50(b)(1) of the Texas Business and Commerce Code, in the aggregate, is in excess of $5,000,000, exclusive of interests and costs because:

    a. Plaintiffs allege that the class they seek to represent consists of "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

    b. Plaintiffs did not limit the class members based upon their state of residence.

    c. Plaintiffs do not allege any specific time period for the damages, and it is more likely than not that they will try to claim damages during the largest period permitted to them by law.

3

d.    Plaintiffs allege, *inter alia*, that Defendants misled consumers by failing to disclose that the water for Aquafina and Dasani products "is obtained from the same sources as tap water which is readily available to the public for no cost," (*id.* at ¶ 23) and they may argue that the class is entitled to recover the full amount (or very close to the full amount) that consumers paid overall for Aquafina and Dasani during any certified class period. *Id.* at ¶ 31 (seeking "Out-of-pocket expenses, including but not limited to the purchase price of the water"[sic]).

e.    Plaintiffs are also seeking "multiple damages." *Id.* at ¶¶ 32-34.

f.    Plaintiffs may seek further punitive damages from Defendants. *Id.* at Prayer (seeking "such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.")

g.    Thus, Plaintiffs have placed in controversy an amount that in the aggregate exceeds $5,000,000, exclusive of interest and costs.

10.    Based on Plaintiffs allegations in the Complaint, Plaintiffs and Defendants are not citizens of the same state.  Plaintiffs allege that they are all residents of Texas.  *Id.* at ¶¶ 2-14. Plaintiffs allege that Defendant PepsiCo is a North Carolina corporation with its principal place of business in New York State, and Defendant Coca-Cola is a Delaware corporation with its principal place of business in Georgia.  *Id.* at ¶¶ 15-16.  Plaintiffs have therefore alleged that PepsiCo is a citizen of North Carolina and New York, and Coca-Cola is a citizen of Delaware and Georgia.  *See* 28 U.S.C. § 1332(c)(1).

11.    Because this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000 and is a class action in which any member of the class of plaintiffs is a

4

citizen of a State different from any defendant, the requirements for removal under 28 U.S.C. §§ 1332(d)(2) and 1453(b) are satisfied.

12.   Upon filing this Notice of Removal, Defendant PepsiCo will properly serve the Plaintiffs, through their counsel of record, and all other parties, with written notification of such removal and will file a Notice of Removal with the Clerk of the District Court of the 157th Judicial District of Harris County, Texas.  28 U.S.C. § 1446(d).

13.   In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendants respectfully request that the Court issue an order to show cause why the case should not be remanded, affording the parties an opportunity to provide the Court with full briefing and argument.

14.   Defendant Coca-Cola Company, Inc. has filed Special Exceptions and Original Answer on September 17, 2007.  No motions filed by any party are pending in the State Court Action.

15.   Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), PepsiCo attaches all available documents which are required to be attached:

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6)); and

WHEREFORE, Defendant PepsiCo respectfully requests that this Court enter such orders and grant such further relief as may be necessary to secure the removal of the State Court

Action from the District Court of the 157th Judicial District of Harris County, Texas, under the

referenced docket number, to the United States District Court for the Southern District of Texas,

Houston Division, and for such further relief as the Court considers appropriate.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that on the 20th day of September 2007, a copy of the foregoing NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002

*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

7

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER )<br><br>        Plaintiffs, )<br><br>v. )<br><br>PEPSICO., INC and THE COCA COLA COMPANY INC. )<br><br>        Defendants. ) | Civil Action No. _____ |

---

**INDEX OF MATTERS BEING FILED**

---

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6))

Aug. 2. 2007  5:31PM                                    No.8437   P. 4



2007-46796

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER **Plaintiffs,** | § | IN THE DISTRICT COURT |
| | § | |
| **v.** | § | |
| | § | 157 JUDICIAL DISTRICT |
| PEPSI CO., INC AND THE COCA COLA COMPANY INC. **Defendants.** | § | |
| | § | OF HARRIS COUNTY, TEXAS |

ASSESSED

ENTERED
VERIFIED



FILED
CHARLES BACARISSE
District Clerk
AUG 2 - 2007

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.   Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Case 4:07-cv-03060    Document 1-3    Filed 09/20/2007    Page 2 of 9

Aug. 2. 2007  5:31PM                                      No.8437   P. 5

Parkway E. Ste. 425 Houston, Tx 77060.

3.     Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

4.     Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

5.     Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

6.     Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

7.     Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

8.     Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

9.     Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

10.    Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

11.    Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

12.    Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

13.    Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

14.    Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Missouri City, Tx 77489

    15.    Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina, and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York, 10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article 2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

    16.    Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts business in the State of Texas and the County of Harris. Service may be effected upon Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St. Paul Street, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

    17.    The subject matter in controversy is within the jurisdictional limits of this court.

    18.    This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

    19.    Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.     This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.     Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.     Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**OVERVIEW OF THE CASE**

23.     This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola) (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola. Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost.   Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

24.    Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

25.    Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## COMMON LAW FRAUD

26.    Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.    Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.    As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

## NEGLIGENT MISREPRESENTATION

29.    Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

31.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

> (a)    Out-of-pocket expenses, including but not limited to the purchase price of the water
>
> (b)    Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.     Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## CLASS ACTION

35.     Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class: all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola, (herein, the "Class Plaintiffs").

36.     In this regard, Plaintiff would show the following: (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common

to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d)

Plaintiff will fairly and adequately protect the interests of the class.

37.    Plaintiff would further show that this lawsuit is maintainable as a class action with

respect to the Class Plaintiffs in that:

(a)    The prosecution of separate actions by individual members of the class would
create a risk of inconsistent or varying adjudications with respect to the individual members
of the class which would establish incompatible standards of conduct for the party opposing
the class.

(b)    The prosecution of separate actions by individual members of the class would
create a risk of adjudications with respect to individual members of the class which would as
a practical matter be dispositive of the interests of the other members not parties to the
adjudications or substantially impair or impede their ability to protect their interests.

(c)    The party opposing the class has acted or refused to act on grounds generally
applicable to the class, thereby making appropriate final injunctive relief or corresponding
declaratory relief to the class as a whole.

### ATTORNEY'S FEES

38.    Request is made for all costs and reasonable and necessary attorney's fees incurred by

or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to

the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as

provided by common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, respectfully prays that the

Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and

actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



Aug. 2. 2007 5:32PM                                    No.8437   P. 12

the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By:_____
JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX 77002
Tel. (713) 752-2300
Fax. (713) 752-2812
Attorney for Plaintiffs


PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

# KING & SPALDING

King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002-5213
Main: 713/751-3200
Fax: 713/751-3290

Kevin D. Mohr
Direct Dial: 713.276.7428
Direct Fax: 713/751-3290
kmohr@kslaw.com

September 17, 2007

**HAND DELIVERY**

Mr. Charles Bacarisse
Harris County District Clerk
201 Caroline, Room 110
Houston, Texas 77002

RE:   Cause No. 2007-06392; *Christina Villa, et al v. Pepsico, Inc., and the Coca Cola Co.; In the District Court 157th Judicial District of Harris County, TX*

Dear Mr. Bacarisse:

Enclosed for filing please find the original and one copy Coca Cola Company's Special Exceptions and Original Answer.

Please indicate the date of filing by placing your file stamp on the enclosed extra copy and returning it to our courier.

By copy of this letter, a true and correct copy of the foregoing filing has been forwarded to all counsel of record.

Very truly yours,

Kevin D. Mohr

Kevin D. Mohr

KDM/db
Enclosure

cc:   Jonathan Cox
402 Main St., 3 South
Houston, TX 77002

CAUSE NO. 2007-06392

| | | |
|---|---|---|
| CHRISTINA VILLA, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| PEPSICO., INC., AND THE COCA | § | |
| COLA COMPANY, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## COCA COLA COMPANY's SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Defendant Coca Cola Company ("Coca Cola") files its Special Exceptions and Original Answer to the claims asserted in Plaintiffs' Original Petition (the "Petition"), and in support thereof would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1.    Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Coca Cola specially excepts to the Petition and asks this Court to dismiss Plaintiffs' claims with prejudice. Plaintiffs' claims are expressly preempted by Section 403A of the Food, Drug & Cosmetic Act, which prohibits states from "directly or indirectly establish[ing]...any requirement for a food which is the subject of a [federal] standard of identity...that is not identical to such standard of identity," unless the state first obtains an exemption from the Food and Drug Administration ("FDA"). 21 U.S.C. § 343-1. The FDA has promulgated a standard of identity for bottled water that establishes, among other things, when water may be described as "purified" and when the source of the water must be identified. *See* 21 C.F.R. § 165.110. Plaintiffs' Petition does not assert that Coca-Cola sold water labeled as "purified" that does not comply with the FDA's standard of identity for purified water. Rather, the Petition alleges that Coca Cola violated state law by

selling water labeled as "purified" without including additional information about the water's source. Because the FDA has specifically decided *not* to require the information that the Petition asserts Coca Cola should have included, Plaintiffs' Petition seeks to establish a state-law requirement for bottled water that is not identical to the standard of identity established by the FDA. No applicable exception has been granted by the FDA, and thus, Plaintiffs' claims are expressly preempted by 21 U.S.C. § 343-1. Coca Cola will submit a memorandum of law in support of this Special Exception.

2.      Coca Cola specially excepts to paragraphs 32-34 of the Petition, which seek "multiple damages" as provided by Section 17.50(b)(1) of the Texas Business and Commerce Code. That statute authorizes the imposition of multiple damages under limited circumstances "[i]n a suit filed under this section...." *See* Tex. Bus. & Com. Code § 17.50(b). Plaintiffs have not asserted a claim under Section 17.50 of the Texas Business and Commerce Code, and thus cannot recover multiple damages under Section 17.50(b)(1) of that statute.

## GENERAL DENIAL

3.      Subject to its Special Exception, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Coca Cola denies generally each and every allegation in Defendant's Original Petition and demands strict proof thereof.

## DEFENSES

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

5.      Any award of punitive or multiple damages in this case would violate the Due Process Clause, Equal Protection Clause, and/or the Excessive Fines Clause of the United States Constitution and Texas Constitution.

2

6.    Any claim for punitive or multiple damages is penal in nature and Coca Cola is entitled to the same procedural safeguards afforded to criminal defendants under the Fourteenth Amendment of the Constitution of the United States and of the Constitution of the State of Texas, including the requirement of proof beyond a reasonable doubt.

7.    Any claim for punitive or multiple damages is barred to the extent that Plaintiffs do not satisfy the standards for recovery described in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants adopt and incorporate herein all defenses available to it under Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Defendant Coca Cola Company prays that Plaintiffs take nothing, that this Court dismiss Plaintiffs' claims with prejudice, and that the Court grant any and all other relief that it may deem appropriate.

Respectfully submitted,

KING & SPALDING LLP

L. Joseph Loveland
Texas Bar No. 00792154
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Kevin D. Mohr
Texas Bar No. 24002623
Ben Pollock
Texas Bar No. 24056150
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Fax: (713) 751-3290

ATTORNEYS FOR DEFENDANT
COCA COLA COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2007, a true and correct copy of the above and foregoing instrument was served to counsel for Plaintiff in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure by certified mail addressed as follows:

Jonathan H. Cox
402 Main St., 3 South
Houston, TX 77002

*Kevin D. Mohr*

Kevin D. Mohr

# 2007-46796

FILED: ___08/02/2007___

GENERAL ORDER OF THE COURT ___157TH___

VILLA, CHRISTINA
PLAINTIFFS

COX, JONATHAN H.

Attorney

NATURE OF ACTION

DTPA-DECEPTIVE TRADE PRACTICE

VS.

PEPSI CO INC

DEFENDANTS

Attorney

SURETIES ON COST BOND:

Jury Fee Paid By:

SETTINGS

CVOGTO9 Revised 10/22/00 CVOTF



STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County, Texas, do hereby certify that the foregoing data is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in my office, and/or:

a) filed on _____

b) recorded under Vol. _____ Page _____ in the Minutes of said Court.

c) abstracted from the minutes and in my possession, electronically stored in my official possession and pertaining to the above cause in reference to cause number _____

d) abstracted from the original document or in abstracted from the original data in my possession, electronically stored and available and pertaining to _____

Witness my official hand and seal of office, this ____ day of ____ the present date.

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By: _____, Deputy

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) ) | |

---

### LIST OF ALL COUNSEL OF RECORD

---

Attorney for Plaintiffs:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
Telephone: 713-752-2300
Facsimile: 713-752-2812

Attorneys for Defendant PepsiCo, Inc.:

Johnny W. Carter
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
Facsimile: 713-654-6666

Attorneys for Defendant Coca Cola:

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: 404-572-4600
Facsimile: 404-572-5100

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX 77002
Telephone: 713-751-3200
Facsimile: 713-751-3290

2

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No. 4:07-cv-3060 |
| v. | )<br>) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | )<br>)<br>) | |
| Defendants. | )<br>) | |

**SUPPLEMENTAL NOTICE OF REMOVAL**

Defendant PepsiCo, Inc. ("PepsiCo") files this Supplemental Notice of Removal.

1.      On September 20, 2007, PepsiCo filed a Notice of Removal.

2.      PepsiCo attached to the Notice of Removal all available documents which were required to be attached pursuant to Southern District of Texas Local Rule 81.

3.      Plaintiffs purported to serve PepsiCo through substituted service on the Texas Secretary of State.  An executed citation was not available to PepsiCo at the time PepsiCo removed.  The state court file clerks did not receive the return of service on the Texas Secretary of State until September 21, 2007.

4.      PepsiCo has now obtained the citation and return of service and is filing them pursuant to Local Rule 81(1).

5.      PepsiCo is also filing the citation and return of service on The Coca Cola Company Inc.

6.      This Supplemental Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
    Johnny W. Carter
    S.D. Texas Bar No. 21988
    1000 Louisiana Street, Suite 5100
    Houston, TX  77002-5096
    Tel: (713) 651-9366
    Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 21st day of September 2007, a copy of the foregoing SUPPLEMENTAL NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

2

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

CAUSE NO. 200746796            *51*

71 1563 6453 1200 0200 95

RECEIPT  NO. 333881          65.00          CO1/
                08-02-2007                  TR # 7221J684

PLAINTIFF: VILLA, CHRISTINA                 In The  157th
    vs.                                     Judicial District Court
DEFENDANT: PEPSI CO INC        No 106       of Harris County, Texas
                                            157TH DISTRICT COURT
                                            Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: PEPSI CO INC (FOREIGN CORPORATION) BY SERVING THE SECRETARY OF STATE
    OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT P O BOX 12079
    AUSTIN TEXAS 78711-2079
    FOWARD TO
    700 ANDERSON HILL ROAD   PURCHASE NY 10577

**CERTIFIED MAIL**

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>2nd day of August, 2007</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of August, 2007, under my hand and
seal of said Court.

Issued at request of:                       CHARLES BACARISSE, District Clerk
COX, JONATHAN H.                            Harris County, Texas
402 MAIN ST #3SOUTH                         301 Fannin      Houston, Texas 77002
HOUSTON, TX 77002                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 752-2300
Bar No.: 24007047                           GENERATED BY: GILLESPIE, JACQUELYN   2MA/IOJ/7917907

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____    copy(ies) of the
                                                                                Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____                            _____

                                            _____ of _____ County, Texas

_____      By _____
           Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                            _____
                                                        Notary Public

N.INT.SECC.P

JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

| MAIN OFFICE | ANNEX OFFICE |
|---|---|
| P.O. BOX 52578 | 7300 NORTH SHEPHERD |
| HOUSTON, TEXAS 77052-2578 | HOUSTON, TEXAS 77091 |
| (713) 755-5200  FAX (713) 755-8951 | (713) 697-3600  FAX (713) 697-3649 |

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #__200746796__ on the ___15TH___ *day* of __AUGUST__ __2007__ at __4:11 P.M.__ Executed at __PO BOX 12079 AUSTIN, TX 78701__ by mailing to the within name __PEPSI CO INC BY SERVING THE SECRETARY OF STATE OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT__ AND by delivering to __BRENDA RUIZ__ on *the* ___20TH___ *day of* __AUGUST__ __2007__ BY REGISTERED/**CERTIFIED MAIL** WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE : $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY: _____ #1832


**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0095.
Our records indicate that this item was delivered on 08/20/2007 at 11:56 a.m. in AUSTIN, TX,
78711 to B RUIZ

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002010

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office and/or:

a) filed on _____

b) recorded in vol. _____ page _____
   in the minutes of said Court.

c) abstracted from the original record in my lawful
   possession in electronic or static digital form
   and pertaining to cause number _____

   in reference to cause number _____, of

d) abstracted from the original record in my lawful
   possession in electronic or static digital form
   and pertaining to _____

from _____ to the present date.

Witness my official hand and seal of office this

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas
By _____ Deputy

RL..T NUMBER 333881 65.00
TRACKING NUMBER 7221/1685 C01

CAUSE NUMBER 200746796

| | |
|---|---|
| **PLAINTIFF:** VILLA, CHRISTINA | **In The** 157th |
| vs. | **Judicial District Court of** |
| **DEFENDANT:** PEPSI CO INC | **Harris County, Texas** |

CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

## CERTIFIED MAIL

TO: COCA COLA CO (DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT
CT CORPORATION

350 N ST PAUL STREET DALLAS TX 75201

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__

This instrument was filed on the ___2nd___ day of ___August___, 20 _07_, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___10th___ day of
_____August_____, 20 _07_.

Issued at request of:
COX, JONATHAN H.
402 MAIN ST #3SOUTH
HOUSTON, TX 77002
Tel: (713) 752-2300
Bar Number: 24007047

**CHARLES BACARISSE, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: GILLESPIE, JACQUELYN 2MA/IOJ/7917

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at_____ o'clock____.M., endorsed

the date of delivery thereon, and executed it at _____
(street address) (city)

in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock____.M.,

by delivering to _____, by delivering to its
(the defendant corporation named in citation)

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
(description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____.
(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____      By: _____
(signature of officer)

Printed Name: _____

As Deputy for: _____
_____
Affiant Other Than Officer      (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

_____
Notary Public

N.INT.CITC.P

JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

MAIN OFFICE
P.O. BOX 52578
HOUSTON, TEXAS 77052-2578
(713) 755-5200 FAX (713) 755-8951

ANNEX OFFICE
7300 NORTH SHEPHERD
HOUSTON, TEXAS 77091
(713) 697-3600 FAX (713) 697-3649

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #200746796 on the   22ND   *day* of AUGUST 2007 at 4:16 P.M. Executed at 350 NORTH ST PAUL ST DALLAS, TX 75201 by mailing to the within name *COCA COLA CO BY SERVING THROUGH ITS REG. AGENT C T CORPORATION SYSTEM* AND by delivering to *D. SHEETER* on the 23RD  *day of* AUGUST *2007* BY REGISTERED/ CERTIFIED MAIL WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE : $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY: _____ #1332



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0521.
Our records indicate that this item was delivered on 08/23/2007 at 10:31 a.m. in DALLAS, TX,
75201 to D SKEETER

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002053

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office.

a) filed on _____
b) recorded under the _____
   in the Minutes of said court.
c) abstracted _____ in my lawful
   possession, electronic restored electronic digital form
   and pertaining to _____
   in reference to cause number _____, or
d) abstracted the original record in my lawful
   possession, electronic restored electronic digital form
   and pertaining to _____
from _____ to the present date.

Witness my official hand and seal of office this

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas
By _____ Deputy

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - Texas Southern
### (Houston)

## 4:07cv3060

## Villa et al v. Pepsico, Inc et al

This case was retrieved from the court on Wednesday, September 26, 2007

| | | | |
|---|---|---|---|
| Date Filed: | 09/20/2007 | Class Code: | |
| Assigned To: | Judge David Hittner | Closed: | no |
| Referred To: | | Statute: | 28:1332 |
| Nature of suit: | Fraud (370) | Jury Demand: | Plaintiff |
| Cause: | Diversity-Notice of Removal | Demand Amount: | $0 |
| Lead Docket: | None | NOS Description: | Fraud |
| Other Docket: | 157th Judicial District Court, Harris County, Texa, 07-46796 | | |
| Jurisdiction: | Diversity | | |

| Litigants | Attorneys |
|---|---|
| Christina Villa<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Regina Kelly<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Wanda Banks<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Rosalind Basile<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |

Emma Williams
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Richard Banks
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Kathy Jones Banks
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Samantha Townsend
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Carolyn Hayes
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Dasha Alexander
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Linda Walker
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Mary Brewster
Plaintiff

Jonathan H Cox
[COR LD NTC]

Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Lawanda Holts
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Johnnie Byrd Byrd
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Pepsico, Inc
Defendant

Johnny W Carter
[COR LD NTC]
Susman Godfrey LLP
1000 Louisiana
Ste 5100
Houston , TX  77002-5096
USA
713-653-7818
Fax: 713-654-6694 Fax
Email: JCARTER@SUSMANGODFREY.COM

Coca Cola Company
Defendant

Kevin Dane Mohr
[COR LD NTC]
King and Spalding
1100 Louisiana
Ste 4000
Houston , TX  77002
USA
713-751-3200
Fax: 713-751-3290
Email: KMOHR@KSLAW.COM

L Joseph Loveland, Jr
[COR LD NTC]
King & Spalding LLP
191 Peachtree St
Atlanta , GA  30303-1763
USA
404-572-4783
Fax: 404-572-5142

| Date | # | Proceeding Text |
|------|---|-----------------|
| 09/20/2007 | 1 | NOTICE OF REMOVAL from 157th Judicial District Court, Harris County, Texas, case number 2007-46796 (Filing fee $ 350 receipt number 3053384) filed by Pepsico, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 2 | Civil Cover Sheet by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 3 | Certificate of Notice of Removal by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/21/2007 | 4 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/14/2007 at 02:00 PM in Courtroom 702 before Magistrate Judge Stephen Smith.( Signed by Judge David Hittner ) Parties notified.(smurdock, ) (Entered: 09/21/2007) |
| 09/21/2007 | 5 | SUPPLEMENT by Pepsico, Inc., filed. (Attachments: # 1 Exhibit 1 - Pepsico Citation# 2 Exhibit 2 - Coca Cola Citation)(Carter, Johnny) (Entered: 09/21/2007) |
| 09/21/2007 | 6 | Certificate of Supplemental Notice of Removal by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/21/2007) |

09/25/2007    7    Agreed MOTION Stipulation for extension of time to answer by Pepsico, Inc., filed. Motion Docket Date

Case 7:07-cv-06874-CS    Document 9-6    Filed 09/27/2007    Page 55 of 62

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT
# H





KERSHAW | CUTTER | & RATINOFF | LLP

August 29, 2007

## VIA CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Larry D. Thompson
General Counsel
Pepsico., Inc.
700 Anderson Hill Road
Purchase, NY 10577

President and CEO
Pepsico, Inc.
700 Anderson Hill Road
Purchase, NY 10577

Eric J. Foss
President and CEO
The Pepsi Bottling Group, Inc.
One Pepsi Way
Somers, NY 10589

President and CEO
Pepsi Bottling Group, Inc.
27717 Aliso Creek Road
Aliso Viejo, CA 92656

President and CEO
The Bottling Group, LLC
One Pepsi Way
Somers, NY 10589

Steven M. Rapp
Managing Director
Bottling Group, LLC
1150 East North Avenue
Fresno, CA 93725

Roger Enrico
President
Pepsi Bottling Group, Inc.
1150 East North Avenue
Fresno, CA 93725

                    Re:    *Notice Under California Consumers Legal Remedies Act, Civil*
                           *Code Sections 1750, et seq.*

Dear Sirs:

        In compliance with the requirements of the California Consumers Legal Remedies
Act (Civil Code Sections 1750, *et seq.*), ("CLRA") we write on behalf of our client,
Amanda Litschke, individually and as a representative of all other persons similarly
situated.

980 9th Street , 19th Floor, Sacramento, CA 95814

Tel 916.448.9800, Toll Free 888.285.3333, Fax 916.669.4499

www.kcrlegal.com

*Re: Notice Under CLRA*
August 29, 2007
Page 2

## BACKGROUND

Ms. Litschke has for many years purchased Aquafina water. She has purchased it both at gas stations and supermarkets for consumption by her and her family. At all times Ms. Litschke was under the impression that the Aquafina water was from a natural source. She was led to this impression by the label on the bottle depicting mountains, and the label claim of "pure water, perfect taste." Ms. Litschke recently became aware that in fact Aquafina is tap water put through a filter process. Ms. Litschke believes that she and others in her position have as a result purchased a product that has been falsely advertised to them and represented to them as being something it is not: namely, a natural water product bottled at an original natural source as opposed to something drawn from the public water system, i.e., tap water. Had Ms. Litschke, and others in her situation, known of the true facts relating to Aquafina, she would not have purchased the product.

Pursuant to Civil Code Section 1782, you are hereby notified of the following:

## VIOLATIONS OF THE CLRA

1.      Pepsico, Inc., The Bottling Group, LLC, The Pepsi Bottling Group, Inc. (collectively "defendants") manufacture, bottle and sell Aquafina water throughout the United States. Defendants, through the label representation of mountains, as well as the failure to disclose that it is tap water, lead consumers to falsely believe that Aquafina water comes from a natural, original source, as opposed to a public water system.

2.      These acts constitute violations of Sections 1750, *et seq.* of the Civil Code in that they:

> A.      Misrepresent the source, sponsorship, approval or certification of goods or services (violation of Section 1770(a)(1) of the CLRA);
>
> B.      Us[e] deceptive representations or designations of geographic origin in connection with goods or services (violation of Section 1770(a)(5) of the CLRA);
>
> C.      Represent that goods or services have sponsorship, approval, characteristics, uses or benefits which they do not have (violation of Section 1770(a)(5) of the CLRA); and
>
> D.      Represent that goods or service are of a particular standard, quality or grade when, in fact, they are of another. (violation of Section 1770(a)(7) of the CLRA.

*Re: Notice Under CLRA*
August 29, 2007
Page 3

As a result, Ms. Litschke and all consumers who are similarly situated have been damaged. Under Civil Code section 1782, defendants are required, within thirty (30) days following receipt of this letter, to correct, repair, replace, or otherwise rectify the goods alleged to be in violation.

Defendants must ensure that (1) all consumers similarly situated have been identified (or, that defendants have made a reasonable effort to identify all such consumers), (2) that such consumers have been notified that upon their request, defendants will provide them with an appropriate remedy including, but not limited to, reimbursement for Aquafina water purchased pursuant to defendants' false representations and restitution to Ms. Litschke and other consumers similarly situated of all monies obtained under the false pretenses set forth herein and (3) that defendants will within a reasonable time provide such a remedy.

If such action is not taken within thirty (30) days, Ms. Litschke will commence an action pursuant to the Consumer Legal Remedies Act on behalf of herself and others similarly situated.

Sincerely,

KERSHAW, CUTTER & RATINOFF LLP

C. BROOKS CUTTER

CBC/lk

# EXHIBIT
# I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STACEY ANDERSON, MICHAEL GRAY, KAYE HUDDLESTON, MICHAEL JONES, CHERYL CARTER, DARRYL MARTIN, YUNNA GRIFFIN, ARAVIS CLARK, TERRENCE JOHNSON, LATASHA JOHNSON, LINDA VALENTINE, VINH LE, TERRI MANSKER, and MICHAEL ALDRIDGE, on behalf of themselves and all others similar situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.  2:07-cv-02514-BBD-dkv Jury Demanded |
| v. | ) ) | |
| PEPSICO CO., INC., and | ) | |
| THE COCA-COLA COMPANY, INC., | ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR AN EXTENSION OF TIME FOR ALL DEFENDANTS TO FILE RESPONSES TO PLAINTIFFS' MOTION FOR STATEWIDE CLASS CERTIFICATION UNTIL THE COURT RESOLVES THE MOTION TO STAY PROCEEDINGS, OR ALTERNATIVELY, THE MOTION TO DISMISS**

Before the court is the August 23, 2007 motion of the defendant PepsiCo Co., Inc. for an extension of time in which defendants have to respond to the plaintiffs' motion for statewide class certification until the motion for stay proceedings, or alternatively, the motion to dismiss is resolved by the court.  A phone conference was held Friday, August 24, 2007.  Participating were Buckner Wellford, W. Michael Richards, and Michael Lazaroff (with permission), counsel for Pepsi Co., Inc.; Sharon Loy, Ricky Wilkins, and Gina Higgins, counsel for the plaintiffs; and

Mary Hale, counsel for The Coca Cola Company, Inc.

For the reasons stated at the conference, the court finds the motion is well-taken. Accordingly, the time for defendants to file a response to the plaintiffs' motion for class certification is extended until the court resolves the motion to stay the proceedings or motion to dismiss, whichever occurs first, at which time the court will set a scheduling conference to establish a response deadline.

The scheduling conference set for September 20, 2007, is continued.

It is so ordered this 27th day of August, 2007.

s/ Diane K. Vescovo

UNITED STATES MAGISTRATE JUDGE