08-md-1903

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: PepsiCo, Inc., Bottled Water Sales and
Marketing Practices Litigation

_This Document Relates to_:    All Actions

## PLAINTIFFS' CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and all

others similarly situated, hereby bring this Plaintiffs' Consolidated and Amended Class Action

Complaint against PEPSICO INC., THE PEPSI BOTTLING GROUP, INC. and PEPSI

BOTTLING VENTURES LLC ("Defendants"). Plaintiffs make the following allegations based

upon their personal knowledge as to their own acts, and upon information and belief as well as

upon their respective attorneys' investigative efforts as to Defendants' actions and misconduct

as alleged herein:

### Nature of The Action

1.      In this class action lawsuit, Plaintiffs seek to obtain damages and/or compensatory

restitution for Defendants' wrongful and illegal conduct in the marketing, labeling and sale of

_Aquafina_ bottled water ("_Aquafina_"), in that Defendants misrepresented the source of _Aquafina_

water by using a label designed to create the impression that the water came from a mountain

source and failed to inform and withheld material information from consumers that the true

source of the water used in _Aquafina_ was public "tap water". Whether through intentional,

reckless, or negligent conduct, Defendants marketed, labeled and sold _Aquafina_ notwithstanding

the fact that its source was misrepresented, undisclosed, and/or misleading. Defendants

1

intentionally created a false impression by their marketing and labeling schemes, which were designed to mislead Plaintiffs and other consumers by withholding information that would be material to any reasonable consumer in deciding whether to purchase and/or at what price to purchase *Aquafina*. Defendants did so to benefit from the higher price they could obtain by misrepresenting *Aquafina* as mountain spring water. As a result, the Plaintiffs herein, and many hundreds of thousands of other consumers, purchased *Aquafina* justifiably believing it came from a natural source and accordingly have suffered damage sounding in their claims set forth below for (a) violations of Uniform Deceptive Acts and Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) unjust enrichment; and (c) as to the California plaintiff and that portion of the class who reside in California, violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §1790, *et seq.*

2.    Plaintiffs further seek declaratory and injunctive relief to prevent a reoccurrence of such wrongful conduct by Defendants inasmuch as Defendants, as set forth below, have, even since the true source of *Aquafina* was revealed and the controversy it caused, continued to market and sell *Aquafina* in a fashion that is materially misleading.

## Parties

3.    Plaintiff Brian Fielman is a resident and a citizen of the State of New York. Believing the true source for *Aquafina* was mountain spring water, Mr. Fielman purchased *Aquafina* during the two to three year period prior to July 28 or 29, 2007 by the case and by the bottle.

4.    Plaintiff Carmen Collado is a resident and a citizen of the State of New York. Believing that the true source for *Aquafina* was mountain spring water, Ms. Collado frequently purchased *Aquafina* by the case from at least five to six years ago to July 2007.

2

5.    Plaintiff Michael Jones is a resident and a citizen of the State of Tennessee.  Not knowing that the true source for *Aquafina* was the same as for tap water, Mr. Jones frequently purchased *Aquafina* by the case from at least four to five years ago to July 2007.

6.    Plaintiff Regina P. Kelly is a resident and a citizen of the State of Texas. Believing that the true source for *Aquafina* was mountain spring water, Ms. Kelly frequently purchased *Aquafina* by the bottle from at least two years prior to July 2007.

7.    Plaintiff Amanda Litschke is a resident and a citizen of the State of California. Believing that the true source for *Aquafina* was the mountain spring water, Ms. Litschke frequently purchased *Aquafina* by the bottle from at least three years ago to July 2007.

8.    All Plaintiffs were shocked and surprised to learn, on or about July 2007 that the true source of the water in *Aquafina* tap water and that they had paid a premium price for tap water.

9.    Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York

10.    Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Somers, New York.

11.    Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

12.    PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, and are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi

3

products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* throughout the United States.

13.    With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as a joint enterprise, co-venturers, agents, or co-conspirators of each other.

## Jurisdiction and Venue

14.    This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

15.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

16.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Class Action Allegations

17.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period"). Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors. Plaintiffs reserve the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

4

18.     The Class consists of hundreds of thousands, if not millions, of individuals who purchased *Aquafina*, not only within the States of which Plaintiffs are citizens, but the other States within the United States. Millions of bottles of *Aquafina* were sold during the Class Period. The numbers of Class members is so numerous that separate joinder of each member is impracticable. Numerosity is therefore satisfied.

19.     Plaintiffs' claims involve questions of law and fact common to the Class, because Plaintiffs and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.     Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex, class and consumer litigation and, Plaintiffs have no conflict of interest with other Class members in the maintenance of this class action. Plaintiffs have no relationship with Defendants except as purchasers of Defendants' products. Plaintiffs will vigorously pursue the claims of the Class.

21.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

     a.     Whether the water marketed, labeled and sold as *Aquafina* was bottled from sources generally known as "tap water";

     b.     Whether the label Defendants used to sell *Aquafina* misrepresented the source of the water and withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed, labeled and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

5

c.    Whether Defendants' misrepresentations and omissions, as alleged herein, enabled Defendants to exact unreasonable and inflated prices for its product by taking advantage of its position of superior knowledge;

d.    Whether Defendants' misrepresentations and omissions, as alleged herein resulted from negligent, reckless or intentional behavior;

e.    Whether Defendants' conduct respecting *Aquafina* violated state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.    Whether Defendants' misrepresentations and omissions, as alleged herein caused Defendants to be unjustly enriched when the totality of the circumstances are considered; and

g.    Whether Defendants' conduct constituted a violation of California's Song-Beverly Act.

22.    A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.    Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating

6

similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

       d.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

22.     Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

23.     Plaintiffs anticipate that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of any amounts of restitution.

**<u>Factual Background</u>**

24.     The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually.  It is a highly competitive industry where beverage companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

25.     *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

26.     Prior to the public revelations as the true source of *Aquafina*, it was the best-selling brand of bottled water in the United States based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

27.     21 CFR 165.110 sets forth labeling standards for different types of bottled water.

28.     *Aquafina* purportedly meets the definition of "purified water" as set forth in 21 CFR 165.110(a)(2)(iv).

29.     Since its introduction, although not publicly disclosed until July 2007, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

30.     Since its introduction, although not publicly disclosed until July 2007, the water used in *Aquafina* comes from "community water systems" as defined in 40 CFR 141.2.

31.     Under 21 CFR 165.110(a)(3)(ii), when bottled water comes from a community water source, the representations made on the label as to the water's source, must comply with and are limited to those statements contained in 21 CFR 165.110(a)(3)(ii). *Aquafina* labels went beyond those labeling requirements and principally labeled the product to state that the source of the water was "P.W.S."

32.     The FDA has determined that it does not deem source labeling of ingredient water from a municipal source as a material fact *unless*, as was the case here, labeling representations are made or suggested that the water possesses particular properties.

33.     The FDA discourages the use of the word "pure" on bottles of water derived from community water systems because said term is ambiguous and misleading.

8

34.     The FDA agrees that the use of certain graphics on a label of bottled water may be misleading to consumers if the source of the water is different than the source depicted or implied.

35.     Nevertheless, Defendants intentionally chose to prominently display a blue mountain range with the sun rising or setting over the mountain range with the slogan immediately below it, "Pure Water · Perfect Taste" and also stating on most labels that it was "BOTTLED AT THE SOURCE P.W.S." *Aquafina* labels did not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Supply" or some similar phrase.

36.     Defendants' *Aquafina* labels, therefore, falsely implied that the origin of the water in *Aquafina* bottles was from a mountain source – a source more pure than "tap water".

37.     Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

38.     Defendants misrepresented *Aquafina* as mountain spring water because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water.

39.     On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was "tap water".

40.     On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina,* released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

41.     Nevertheless, since July 27, 2007, upon information and belief, Defendants have continued to sell, or permitted the continued selling of, *Aquafina* with the prior labeling.

## FIRST CAUSE OF ACTION
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By All Plaintiffs on Their Own Behalves And on Behalf of the Class)

42.     Plaintiffs hereby incorporate by reference paragraphs 1-41 as if fully set forth herein.

43.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

44.     Defendants intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its *Aquafina* bottled water.

45.     Defendants, through their unfair and deceptive marketing and labeling of *Aquafina*, unfairly represented to consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

46.     Defendants, through their unfair and deceptive marketing and labeling of *Aquafina*, used statements or illustrations in the *Aquafina* label which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

47.     Defendants engaged in other acts or practices which are deceptive to the consumer or to any reasonable person.

48.     Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiffs and members of the Class would not have purchased and/or paid the same

amount for *Aquafina*, and they have therefore proximately suffered injury in fact and ascertainable losses.

49.     Defendants engaged in their wrongful and deceptive conduct while at the same time obtaining sums of money from Plaintiffs and Class members for *Aquafina*.

50.     Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes. Defendants' failure to abide by their statutory duties has been or may be continuing.

51.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to N.Y. Gen. Bus. Law §§ 349 *et seq.*; Tenn. Code Ann. §§ 47-18-101, *et seq.*; Tex. Bus. & Com. Code § 17.41, *et seq.*; and Cal. Civ. Code §1770, *et seq.* and Cal Bus. & Prof. Code § 17200, *et seq.*, as well as substantially similar statutes in effect in the other States and the District of Columbia.

52.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory, equitable, exemplary, treble and/or restitutionary damages as applicable according to law, attorneys' fees, and/or costs of suit.

11

## SECOND CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
### (By Plaintiffs on Their Own Behalves And on Behalf of the Class)

53.     Plaintiffs hereby incorporate by reference paragraphs 1-41 as if fully set forth herein.

54.     Defendants obtained monies from the marketing, labeling and/or sale of *Aquafina* water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was "tap water" and contained images and/or words that implied that the source of the water was more pure and/or better than "tap water" and/or the bottled water of Defendants' rivals.  Even though Plaintiffs purchased from retailers, there was, necessarily, a flow of money from them, through the retail chain, to Defendants.  Defendants obtain monies from the sale of and benefit by the sale of Aquafina only because of the manner in which consumers purchase the product from retailers, such being the retail chain necessarily permitting the sale (and for Defendants, profit from) of consumer products.  The retailers play no role in the labeling of the Aquafina product.

55.     When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina,* Defendants have been unjustly enriched to the detriment of Plaintiffs and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly. These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

56.     Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

57.     Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiffs and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF THE SONG-BEVERLY ACT,
## CALIFORNIA CIVIL CODE §1790, *ET SEQ.*
### (By Plaintiff Litschke on Her Own Behalf
### And on Behalf of That Portion of the Class Who Reside in California)

58.     Plaintiff Litschke hereby incorporates by reference paragraphs 1-41 as if fully set forth herein.

59.     Plaintiff Litschke asserts the fourth Cause of Action individually, on behalf of the common or general interest of that portion of the Class who reside in California for breach of implied warranty under the Song-Beverly Act, Cal. Civ. Code §1790, *et seq.*

60.     *Aquafina* bottled water is a "consumer good" within the meaning of Cal. Civ. Code § 1791(a).

61.     Defendants' implied warranty of merchantability arose out of and/or was related to the sale to consumers of the bottled water.

62.     As set forth more fully above, Defendants failed to comply with their obligations under the implied warranty of merchantability as defined in Cal. Civ. Code § 1791.1.

63.     Plaintiff Litschke and the California members of the Class are "persons", "buyers" and/or "retail buyers" with the meaning of Cal. Civ. Code § 1791(b), have suffered damages as a result of Defendants' failure to comply with their statutory warranty obligations, and are entitled to recover damages under the Song-Beverly Act, including damages pursuant to Cal. Civ. Code §§ 1791.1(d) and 1794.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendants as follows:

1.      For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiffs and their counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

2.      For the declaratory and equitable relief requested;

3.      For compensatory, equitable, exemplary, treble and/or restitutionary damages according to proof and for all applicable statutory damages under N.Y. Gen. Bus. Law §§ 349 *et seq.*; Tenn. Code Ann. §§ 47-18-101, *et seq.*; Tex. Bus. & Com. Code § 17.41, *et seq.*; and Cal. Civ. Code §1770, *et seq.* and Cal Bus. & Prof. Code § 17200, *et seq.*, as well as substantially similar statutes in effect in the other States and the District of Columbia;

4.      For compensatory, equitable, civil penalty damages according to proof and for all applicable statutory damages, costs and expenses, on behalf of that portion of the Class that resides in California, pursuant to the Song-Beverly Act, California Civil Code §1790, *et seq.*;

5.      For an award of attorneys' fees and costs;

6.      For prejudgment interest and the costs of suit;

7.      For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: May 7, 2008

Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
(914) 997-5656
www.klafterolsen.com

Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET, RHEINGOLD,
SHKOLNIK & McCARTNEY LLP
113 East 37th Street
New York, New York 10016
(212) 684-1880
www.rheingoldlaw.com

Richard J. Arsenault (*pro hac vice* to be filed)
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
Alexandria, Louisana 71301
(318) 487-9874

Ricky E. Wilkins (*pro hac vice* to be filed)
Sharon Harless Loy (*pro hac vice* to be filed)
THE LAW OFFICES OF RICKY E.
WILKINS
119 S. Main Street
Suite 500, Pembroke Square Building
Memphis, Tennessee 38103
(901) 322-4463

15

Gina C. Higgins (*pro hac vice* to be filed)
STOTTS, HIGGINS & JOHNSON
1470 Monroe Ave.
Memphis, Tennessee 38104
(901) 276-2500

Robert L.J. Spence, Jr. (*pro hac vice* to be filed)
SPENCEWALK, P.L.L.C.
One Commerce Square
Suite 2200
Memphis, Tennessee 38103
(901) 312-9160

Jonathan H. Cox (*pro hac vice* to be filed)
402 Main St., 3 South
Houston, Texas  77002
(713) 752-2300

C. Brooks Cutter (*pro hac vice* to be filed)
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street, 19th Floor
Sacramento, California 95814
(916) 448-9800

Nicholas J. Drakulich (*pro hac vice* to be filed)
JENNINGS & DRAKULICH, LLP
2002 Jimmy Durante Blvd., Suite 400
Del Mar, California 92014
(858) 755-5887

Attorneys for Plaintiffs

## AFFIDAVIT OF SERVICE

State of New York      )
                       )      ss.:
County of New York     )


Andrew P. Bell being duly sworn, deposes and says that I am an attorney in the offices of

Locks Law Firm, PLLC, that on May 7, 2008 I served the within **PLAINTIFFS'**

**CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT**

by email directed to defense counsel at the emails designated by them for the purpose of

service upon them of the preceding papers in this action, which was and now is a regular

communication. On May 8, 2008, I served the within **PLAINTIFFS'**

**CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT**  by U.S. Mail

directed to defense counsel and the addresses designated by them for the purpose of

service upon them of the preceding papers in this action.

| Lawrence I. Weinstein<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036 | Louis M. Soloman<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036 | Michael Lazaroff<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036<br>mlazaroff@proskauer.com |
|---|---|---|
| Johnny W. Carter<br>Susman Godfrey L.L.P.<br>1000 Louisiana<br>Suite 5100<br>Houston, TX 77002 | James M. Parrott, V.<br>Smith, Anderson, Blount,<br>Dorsett, Mitchell & Jernigan<br>2500 Wachovia Capitol Center<br>Raleigh, NC 27601 | Patrick Dempsey<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036<br>pdempsey@proskauer.com |
| Donald Tucker<br>Smith, Anderson, Blount,<br>Dorsett, Mitchell & Jernigan<br>2500 Wachovia Capitol Center<br>Raleigh, NC 27601<br>dtucker@smithlaw.com | | |

Sworn to before me this
8th day of May, 2008.

_____
NOTARY PUBLIC

ANDREW P. BELL

Jennifer Russell
Notary Public State of New York
No. 01RU6126256
Qualified in New York County
Commission Expires May 2, 20 09