UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Pepsico, Inc., Bottled Water Marketing and Sales Practices Litigation | 7:08-md-01903 (CLB) <br><br> MDL No. 1903 |
| This Document Relates to All Actions | **Pretrial Order No. 1** |

The Judicial Panel on Multidistrict Litigation by Orders dated February 14, 2008 and March 17, 2008 has transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving defendants' marketing and sales of Aquafina bottled water. Pursuant to this Court's jurisdiction over these actions, this Court hereby enters the following order:

1. Consolidation of Related Actions. Any other actions filed, whether filed directly in the United States District Court for the Southern District of New York or in any other United States District Court (whether by original filing or removal), that are related to this litigation, including case numbers 7:07-cv-06815 (CLB), 7:07-cv-06874 (CLB), 7:08-cv-01833 (CLB), 7:08-cv-01834 (CLB) and 7:08-cv-02914 (CLB) are hereby consolidated into one action (the "Consolidated Action") for all pretrial proceedings pursuant to Rule 42 of the Federal Rules of Civil Procedure and MDL Orders dated February 14, 2008 and March 17, 2008.

2. Caption of Case. All Orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: PEPSICO, INC., BOTTLED WATER MARKETING AND SALES PRACTICES LITIGATION | 7:08-md-01903 (CLB) MDL 1903 |
| This Document Relates to ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases.] | |

The original of this Order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred action, which is related to and consolidated with this action. The Clerk of Court will maintain docket and case files under this caption, and pursuant to the procedures set forth in paragraph 3, below.

    3.    Docket and Filing Procedures.

    A.    Master Docket and File. The Clerk will maintain a master docket and case file under the style set forth in paragraph 2, above. All Orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

    B.    Separate Dockets and Files. The Clerk will maintain a separate docket and case file for each case removed or transferred to this Court. Each such case will be assigned a new case number in this Court.

    C.    Captions and Separate Filing. Orders, pleadings, motions and other documents will bear the caption set forth in paragraph 2, above. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file.

As set forth in paragraph 2, documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will be filed and docketed in the master case file and specified individual case file(s).

D. <u>Address, Number of Copies, and Electronic Filing</u>. When filing documents relating to "ALL ACTIONS" with the Court, the parties will comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the Master File. When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the Master File and the particular case. For all motions and briefs, a courtesy copy of the document shall be sent to Chambers (The Honorable Charles L. Brieant, United States Courthouse, 300 Quarropas St., Room 275, White Plains, NY 10601).

E. <u>Discovery Requests and Responses</u>. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

F. <u>Rules of Civil Procedure</u>. All actions listed in the Schedule A attached to the JPML's Transfer Order of February 14, 2008, as well as the action listed in the JPML's Transfer Order of March 17, 2008 and any other actions subsequently transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York.

4. <u>Applicability of Order</u>. This Order applies automatically to all actions listed in the Schedule A attached to the JPML's Transfer Order of February 14, 2008, as well as the action listed in the JPML's Transfer Order of March 17, 2008 and any other actions subsequently

transferred to or filed in this proceeding, without the necessity of future motions or orders. Should parties in any subsequently transferred or filed action object to the terms of this Order, they must do so within thirty (30) days of receipt of this Order from Plaintiffs' Liaison Counsel.

5. <u>Service List</u>. This Order is being mailed to the persons shown on Attachment A, which has been prepared from the list of counsel forwarded to this Court by the Judicial Panel on Multidistrict Litigation. Counsel on this list are requested to forward a copy of the Order to other attorneys who should be notified of its contents. An updated and corrected service list will be prepared as the litigation progresses. All counsel appearing in this matter must electronically file a Notice of Appearance on the ECF system in both the master case file and in each individual case where he or she is associated.

6. <u>Admission of Counsel</u>. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and must pay the corresponding fee of $25 to the Clerk of Court. Association of local co-counsel is not required, but counsel for each party is required to register for ECF notification of all orders and submissions within 10 days of the entry of this Order. All counsel are expected to familiarize themselves with the Local Rules of this Court, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which the Court and parties may be called upon to refer to as a resource in the case management of this litigation.

7. <u>Organization and Responsibilities of Plaintiffs' Counsel</u>. To act on behalf of Plaintiffs, the Court designates the following counsel:

A. Plaintiffs' Lead Counsel: Seth R. Lesser shall be and is herewith appointed Plaintiffs' Lead Counsel. Plaintiffs' Lead Counsel shall generally be responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

a) brief and argue motions

4

b) coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

c) Conduct settlement negotiations on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

d) Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently, and economically;

e) Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

f) Prepare and distribute to the parties periodic status reports;

g) Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

h) Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

i) Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs; and

Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further Order of the Court.

Counsel for Plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that (a) they first notify lead counsel and defendants; and (b) they do not

5

effectively duplicate and/or repeat arguments, questions, discovery requests or any other action of lead counsel or any other plaintiff's counsel. Defendants may rely upon all agreements made with Lead Counsel and any such agreements shall be binding on all Plaintiffs unless otherwise stated in any such agreement.

    B.    Plaintiffs' Executive Committee. The Court designates the following counsel to serve as the Plaintiffs' Executive Committee: Lead Counsel, who shall serve as Chair of the Executive Committee; Hunter J. Shkolnik; Ricky E. Wilkins; C. Brooks Cutter; and Jonathan H. Cox.

Lead Counsel shall consult with the other members of Plaintiffs' Executive Committee in coordinating the Plaintiffs' pretrial activities and in planning for trial.

    C.    Plaintiffs' Liaison Counsel: The Court designates Jeffrey A. Klafter whose firm maintains its principal office in White Plains, NY, to serve as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel shall:

a) Develop with defendants' counsel, and distribute to counsel for Plaintiffs, up-to-date service lists;

b) Receive and, as appropriate, distribute to counsel for Plaintiffs Orders from the Court and documents from opposing parties and counsel;

c) Be Plaintiffs' designee if it becomes necessary for the Court to telephone a representative of plaintiffs' counsel;

d) Maintain and make available to counsel for Plaintiffs at reasonable hours a complete file of all documents served by or upon each party, and, if becomes necessary and practicable, shall establish and maintain an electronically accessible document depository; and

6

  e)  Enter into stipulations with opposing counsel, as necessary, for the conduct of the litigation.

8.  <u>Privileges Preserved</u>.  No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

9.  <u>Service of Documents</u>.

  A.  **Orders.** A copy of each Order will be provided in electronic form via the ECF system to defendants' counsel and Plaintiffs' Lead Counsel, and to Plaintiffs' Liaison Counsel for distribution as appropriate to other counsel and parties.

  B.  **Pleadings, Motions, and Other Documents.** Plaintiffs' Liaison Counsel, Plaintiffs' Lead Counsel and defendants' counsel shall be provided with one non-electronic copy of each document served and/or filed by a party, including any and all attachments, to be delivered by overnight mail.  Any party serving a pleading motion or other document shall also provide service of each such document, including all attachments, on the same day such documents are submitted to the Court, by electronic means to an e-mail service list to be agreed upon by Plaintiffs' Liaison Counsel and defendants' counsel.  Service in the manner described in this paragraph constitutes adequate service pursuant to Fed. R. Civ. P. 5.

10.  <u>Transcript Payment</u>.  The cost of the Official Transcript of any proceedings in this action shall be borne by the Plaintiffs and Defendants equally.  Payment is to be made within fourteen (14) days of receipt of the Court Reporter's invoice.

11.  <u>Preservation of Evidence</u>.  The parties shall meet and confer and submit an agreed to proposed Order for the Preservation of Evidence, or their disputes regarding the entry of such

an Order, within thirty (30) days of the entry of this Order. Once entered, it shall be applicable to all parties and all actions in this litigation.

12.  Protective Order.  The parties shall meet and confer and submit an agreed to proposed Protective Order, or their disputes regarding the entry of such an Order, within forty (40) days of the entry of this Order. Once entered, it shall be applicable to all counsel, parties and all actions in this litigation pursuant to its terms.

13.  Status Conferences.  The Court will convene status conferences in its discretion. Counsel for each side shall meet and confer in advance of each status conference and submit to the Court a joint agenda listing matters to be considered by the Court at the status conference at least two days prior to the status conference.

Dated: White Plains, N.Y.
       May 29, 2008

By: _____
    Charles L. Brieant
    U.S.D.J.